**In re Jerry Ray MAXWELL, Debtor.**

**Thomas J. CARLSON, Trustee, Plaintiff,**

v.

**Cora F. SEELEY, Defendant.**

**Bankruptcy No. 87–00688–S–2.**

**Adv. No. 88–0112–S–2.**

United States Bankruptcy Court, W.D. Missouri, S.D.

Aug. 9, 1988.

Thomas J. Carlson, Springfield, Mo., for plaintiff.

Mark Fitzsimmons, Springfield, Mo., for defendant.

Charles M. Wesley, Waynesville, Mo., for debtor.

## MEMORANDUM OPINION

FRANK W. KOGER, Bankruptcy Judge.

Debtor, Jerry Ray Maxwell, filed for relief and reorganization under Chapter 13 on February 17, 1987. That case was later converted to a Chapter 7 on October 20, 1987. In his bankruptcies, debtor showed Cora Seeley as a secured creditor for some $33,000.00 secured by a lien on his 1983 International Tractor Trailer. The Chapter 7 Trustee determined that debtor had never registered the vehicle in Missouri and had returned the vehicle to Seeley at the time he converted to Chapter 7. The Trustee filed this adversary complaint against Seeley to recover the vehicle. Counsel for the parties took the depositions of debtor and Seeley and submitted the matter upon the depositions and their respective briefs filed July 15, 1988.

The facts shown from the depositions were fairly simple. Seeley had purchased a 1974 Peterbilt for her grandson to drive on a lease basis with a lessor-operator named Hanco. After experiencing considerable downtime with the truck, Seeley traded the 1974 Peterbilt in on the 1983 International and leased that truck to Hanco Transport Company. Seeley paid cash for the 1983 International, registered the truck in Missouri, and took title in her name on March 18, 1986. No lien was shown on the title. Sometime between March 18, 1986, and September 30, 1986,

Hanco stopped leasing the truck and Seeley parked it near her home.

When debtor bought the truck from Seeley in September, he was living in Missouri, but did not want to pay Missouri Sales Tax. Debtor registered the truck in Iowa when he went to work for RFK Kazimour Company in Cedar Rapids, Iowa, about October 1, 1986. Seeley's name was shown as the lienholder and Seeley had a security agreement. After a month or a month and a half, debtor quit leasing and driving for RFK Kazimour Company and started leasing and driving for D.L. Sitton at Joplin, Missouri. Debtor delivered the truck to Seeley about the time he converted to Chapter 7 in October of 1987. Debtor has never lived in Iowa and has at all times from before the 1986 purchase until early in 1988 lived in Missouri. He now lives in North Carolina. His only connection with Iowa was that from four to eight weeks he drove for RFK Kazimour Company which is based in Cedar Rapids.

The issue then is whether Seeley was properly perfected as to her security interest in the 1983 International Tractor by virtue of the Iowa title with a lien to her shown thereon. Section 301.600.1, R.S.Mo. states:

> "1. Unless excepted by section 301.650, a lien or encumbrance on a motor vehicle or trailer, as defined by section 301.010, is not valid against subsequent transferees or lienholders of the motor vehicle or trailer who took without knowledge of the lien or encumbrance unless the lien or encumbrance is perfected as provided in sections 301.600 to 301.670."

11 U.S.C. § 544 provides that the trustee stands in the position of a judgment lien creditor and his lien standing is inferior only to prior liens which have been perfected. It is necessary then to look to Section 301.600.2, R.S.Mo., upon which the Trustee relies. Section 301.600.2 provides:

> "2. A lien or encumbrance on a motor vehicle or trailer is perfected by the delivery to the director of revenue of the existing certificate of ownership, if any, an application for a certificate of ownership containing the name and address of the lienholder and the date of his security agreement, and the required certificate of ownership fee. It is perfected as of the time of its creation if the delivery of the aforesaid to the director of revenue is completed within thirty days thereafter, otherwise as of the time of delivery."

Section 301.600.3 provides:

> "3. If a motor vehicle or trailer is subject to a lien or encumbrance when brought into this state, the validity and effect of the lien or encumbrance is determined by the law of the jurisdiction where the motor vehicle or trailer was when the lien or encumbrance attached, subject to the following:
>
> (1) If the parties understood at the time the lien or encumbrance attached that the motor vehicle or trailer would be kept in this state and it was brought into this state within thirty days thereafter for purposes other than transportation through this state, the validity and effect of the lien or encumbrance in this state is determined by the law of this state;"

Coordination of these two sections of the statutes with the facts at hand, lead to the inescapable conclusion that it is Section 301.600.2 which controls and which requires that the Trustee prevail. Section 301.600.3 and 301.600.3(1) do not apply. When debtor bought the truck from Seeley, both of the parties were Missouri residents, the truck was in Missouri, and according to debtor he did not tell Seeley where he was going to take the truck or use it (Maxwell Deposition, page 25, lines 3 through 7, and page 16, lines 7 through 16), (Seeley Deposition, page 14, lines 17 and 18). Further, debtor testified that he had to do work on the truck after he got it (Maxwell Deposition, page 22, lines 24 and 24 and page 23, lines 1 through 5). Further debtor testified that he "made a deal" to go to work for Kazimour *after* he bought the truck (Maxwell Deposition, page 23, lines 18 through 20). Thus it is easy to see that when the transfer took place, both parties were resident in Missouri, the truck was in Missouri, and the State of Iowa had no bearing on the transaction. Even after the transfer,

the truck was not in Iowa any more than it was in any other state. As debtor stated:

"It was used in 48 states, not just in Iowa, it was used in 48 states, all over." (Maxwell Deposition, page 16, lines 9 and 10).

The Court finds that neither the debtor nor the creditor were ever in Iowa other than to pass through and the truck was no more in Iowa than any other state. The only purpose of the Iowa registration was to avoid Missouri Sales Tax. It is the belief of this Court that it takes more than the incidents of residence and situs shown in this case for the Iowa registration or lien to be valid. For state court cases and federal cases along this line of constrction, see *Ozark Financial Services v. Turner*, 735 S.W.2d 374 (Mo.App.1987) and *In re Crewse*, 5 B.R. 391 (Bkrtcy.W.D.Mo.1980) as well as the cases cited therein.

Seeley's lien was not perfected and, therefore, cannot prevail against the claim of the Trustee.

This Opinion shall constitute Findings of Fact and Conclusions of Law as required by Rule 7052, Rules of Bankruptcy.